**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4311**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID LEE GRAHAM,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina at Wilmington. Louise W. Flanagan, District Judge. (7:23-cr-00096-FL-1)

───────────

Submitted:  May 20, 2026                       Decided:  August 4, 2026

───────────

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, NC, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Graham appeals the sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced Graham to 180 months' imprisonment, followed by five years of supervised release. On appeal, Graham argues that the district court erred under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when it pronounced a warrantless search condition as a discretionary special condition of supervised release but then "describe[d] it differently in the written judgment," thereby creating a "material discrepancy between [the] discretionary condition as pronounced and as detailed in [the] written judgment." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (cleaned up). We agree.[1]

At the sentencing hearing, the district court announced that Graham was required to "submit to a search at any time, with or without a warrant, by any law enforcement or probation officer of your person, your property, your house, your residence, your vehicle, and the effects thereof." J.A. 48–49.[2] However, the written judgment replaced the word "your" with "any," changing the warrantless search condition to include searches of "defendant's person and any property, house, residence, vehicle, and effects." J.A. 57.

---

[1] Graham has also requested leave to file a pro se supplemental brief identifying additional issues for appeal. Because Graham is represented by counsel who has filed merits briefs in this appeal, we deny his motion to file a pro se supplemental brief. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal.").

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

2

For the reasons we stated in *United States v. Sirak*, No. 24-4320, 2026 WL 1180830, at *2 (4th Cir. Apr. 30, 2026), we agree that this was a material discrepancy that constitutes a *Rogers* error.

We therefore affirm the conviction, vacate the sentence, and remand for resentencing. *See Mathis*, 103 F.4th at 198 (confirming that *Rogers* and *Singletary* provide a "clear rule" that vacatur and remand for a full resentencing is the only remedy available for *Rogers* errors (citations omitted)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> *AFFIRMED IN PART, VACATED*
> *IN PART, AND REMANDED*